UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOUGLAS M.,

                        Plaintiff,
           v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                        Defendant.
_____

**DECISION
and
ORDER**

**17-CV-1178F**
(**consent**)

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER, PLLC
                               Attorneys for Plaintiff
                               KENNETH R. HILLER, and
                               JUSTIN DAVID JONES, of Counsel
                               6000 North Bailey Avenue, Suite 1A
                               Amherst, New York  14226


                               JAMES P. KENNEDY, JR.
                               UNITED STATES ATTORNEY
                               Attorney for Defendant
                               Federal Centre
                               138 Delaware Avenue
                               Buffalo, New York  14202
                                        and
                               MARIA PIA FRAGASSI SANTANGELO
                               Special Assistant United States Attorney, of Counsel
                               Social Security Administration
                               Office of General Counsel
                               26 Federal Plaza
                               Room 3904
                               New York, New York  10278
                                        and

---

[1] Andrew M. Saul became Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

>BLAKELY PRYOR, and
>DENNIS J. CANNING
>Special Assistant United States Attorneys, of Counsel
>Social Security Administration
>Office of General Counsel
>601 East 12th Street
>Room 965
>Kansas City, Missouri  64106

## JURISDICTION

On June 19, 2018, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned.  (Dkt. 8).  The matter is presently before the court on Plaintiff's counsel's motion for approval of attorney fees under 42 U.S.C. § 406(b), filed April 20, 2020 (Dkt. 23) ("Fee Petition").

## BACKGROUND

Plaintiff commenced this action on November 17, 2017, pursuant to Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed with the Social Security Administration ("SSA"), on March 6, 2014, for Social Security Disability Insurance under Title II of the Act ("SSDI"), and for Supplemental Security Income ("SSI") under Title XVI of the Act (together, "disability benefits").  Opposing motions for judgment on the pleadings were filed by Plaintiff on July 3, 2018 (Dkt.10), and by Defendant on August 31, 2018 (Dkt. 13), and in a Decision and Order filed June 12, 2019 (Dkt. 15) ("D&O"), judgment on the pleadings was granted by the undersigned in favor of Plaintiff with the matter remanded to the Commissioner for calculation of benefits.  On September 9, 2019, in connection with the

remand, Plaintiff applied for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Dkt. 17), in the amount of $ 6,900 ("EAJA fee"), which amount the parties agreed to by stipulation filed October 9, 2019 (Dkt. 21), and approved by Text Order entered October 10, 2019 (Dkt. 22), with the EAJA fee received by Plaintiff's attorney on November 21, 2019.  (Dkt. 23-1 at 2).  On April 5, 2020, the SSA issued a Notice of Award granting Plaintiff disability benefits including $ 129,984 in retroactive benefits, of which 25% or $ 32,496 was withheld to pay Plaintiff's attorney fees.  (Dkt. 23-1 at 2).  On April 20, 2020, Plaintiff filed the instant Fee Petition (Dkt. 23) pursuant to 42 U.S.C.§ 406(b), seeking $ 32,496 in attorney fees, and indicating the EAJA fee was received on November 21, 2019 (Dkt. 23-1 at 2).  In response, the Commissioner asks the court to determine the reasonableness of the fee request, Dkt. 26 at 2-3, but does not otherwise oppose the Fee Petition.

## **DISCUSSION**

As relevant to the instant motion, the Act provides

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A) ("§ 406").

Here, in retaining counsel in connection with her disability benefits application, Plaintiff executed a contingent Fee Agreement[2] providing counsel with permission to apply for

---

[2] A copy of the Fee Agreement is filed as Dkt. 19-5.

3

fees up to 25% of any retroactive benefits awarded under § 406 if Plaintiff's disability benefits application required litigation in federal court.

Even if the requested attorney fee does not exceed the statutory 25% cap, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Where, as here, there exists an attorney-client contingent fee agreement, "§ 406 does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of any such arrangements as an independent check to assure that they yield reasonable results in particular cases." *Id*. Contingent fee agreements are also entitled to some deference, *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990), in the interest of assuring that attorneys continue to represent clients such as the plaintiff. *Gisbrecht*, 535 U.S. at 805. Nevertheless, contingent fee agreements "are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. As such, "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

The Second Circuit Court of Appeals has identified three factors to be considered in determining whether to approve the full amount of attorney fees requested under a contingent fee agreement, including (1) whether the requested fee is within the 25% statutory cap; (2) whether there was any fraud or overreaching in making the contingent fee agreement; and (3) whether the requested fee is so large as to be a "windfall" to the attorney. *Wells*, 907 F.2d at 372. The court is also required to assess whether the requested fee is inconsistent with the character of the legal representation and the

results achieved by legal counsel, as well as whether counsel effected any unreasonable delay in the proceedings to increase the retroactive benefits and, consequently, the attorney's own fee.  *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 456 (W.D.N.Y. 2005) (citing *Gisbrecht*, 535 U.S. at 808).  Here, the Commissioner does not specifically challenge the amount of the attorney fees requested in the Fee Petition but, rather, merely requests the court determine whether the requested fees are reasonableness.  Dkt. 26 at 2-3.  Further, the amount of attorney fees requested does not exceed the statutorily permitted 25% of the retroactive disability benefits, and nothing in the record suggests there was any fraud or overreaching in making the contingent fee agreement and, accordingly, the court limits its review to whether the amount of fees requested in the Fee Petition is reasonable or would be a windfall to counsel.

Insofar as Defendant requests the court consider whether the amount of fees requested in the Fee Petition is reasonable, Plaintiff's counsel requests as attorney fees $ 32,496, which is equal to the statutory 25 % cap based on the $ 129,984 retroactive disability benefits awarded Plaintiff.  Dividing the requested fee of $ $ 32,496 by 38.6 hours expended by Plaintiff's counsel results in an hourly rate of $ 841.87.  When analyzing whether a fee award is reasonable or amounts to a windfall to the attorney, courts consider whether (1) the attorney's efforts were particularly successful, (2) the attorney expended effort through pleadings that were not boilerplate and arguments requiring research and issues of material fact, and (3) the attorney, based on his experience litigating Social Security matters, handled the case with efficiency.

*McDonald v. Comm'r of Soc. Sec.*, 2019 WL 1375084, at * 2 (W.D.N.Y. Mar. 27, 2019) (citing *Wargo v. Colvin*, 2016 WL 787960, at *2 (W.D.N.Y. Mar. 1, 2016)).

In the instant case, it cannot be denied that counsel's efforts in this matter were clearly successful as they resulted in an award of benefits to Plaintiff upon remand. Plaintiff's counsel asserts he expended a total of 38.6 hours representing Plaintiff in this matter, including, *inter alia*, reviewing the decision of the Administrative Law Judge ("ALJ") denying Plaintiff benefits at the administrative level, reviewing the administrative record, preparing and filing the complaint, preparing and filing certificate of service, researching, drafting, reviewing and filing the motion for judgment on the pleadings, including a memorandum of law in support of the plaintiff's claims, and preparing and filing the EAJA motion.  Dkt. 23-2 at 2-3; Dkt. 23.3 at 1-2.  Given the amount and type of work required in this action, this rate would be consistent with fees awarded in similar cases.  *See*, *e.g.*, *McDonald*, 2019 WL 1375084, at * 2-3 (approving attorney fee award of $ 30,602.75 for 29.1 hours of work resulting in hourly rate of $ 1,051.64); *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 455-56 (W.D.N.Y. 2005) (approving attorney fee award of $ 38,116.50 for 42.75 hours of work resulting in hourly rate of $ 891.61).

Although Defendant notes several cases where courts have reduced fees approaching $ 1,000 per hour, Dkt. 26 at 3 n. 1, the court's review of such cases reveals the reductions were attributed to the modest amount of work performed in each case. *See*, *e.g.*, *Mitchell v. Astrue*, 2019 WL 1895060, at * 5 (E.D.N.Y. Apr. 29, 2019) (awarding attorney fees at $ 500 hourly rate where the plaintiff's attorney expended only 1.6 hours on the case before the Commissioner agreed to remand); and *Devenish v. Astrue*, 85 F.Supp.3d 634, 638 (E.D.N.Y. 2015) (awarding § 406(b) fees in amount

reflecting hourly rate reduced to $ 350 from $ 1,000 where plaintiff's attorney never prepared any memorandum of law nor advanced any legal arguments because the matter was remanded to the SSA by stipulation).  In contrast, here, the record shows the Plaintiff's counsel reviewed the entire record and prepared the necessary pleadings, motions, and memoranda of law.

In these circumstances, the court finds the hourly rate of $ 841.87 is not unreasonable, such that the requested fees of $ 32,496 for 38.6 hours of work also is not unreasonable.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Fee Petition seeking attorney fees pursuant to § 406(b) (Dkt. 23) is GRANTED; Plaintiff is awarded $ 32,496 in fees to be paid from the funds withheld from Plaintiff's retroactive benefits award.  Plaintiff's counsel is directed to remit to Plaintiff the $ 6,900 received for the EAJA fee award.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	April 6th, 2021
	Buffalo, New York